UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL A. LEA,

        Petitioner,        2:13-cv-00060-TC

        v.        FINDINGS AND RECOMMENDATION

RICK COURSEY,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner, an inmate in the custody of the Oregon Department of Corrections, filed a petition under 28 U.S.C. § 2254 challenging the legality of his convictions for two counts of first degree rape and four counts of first-degree sodomy, arising out of Multnomah County Circuit Court Case No.940935604.

    Respondent moves to dismiss on the ground that the petition is a second or successive petition, and petitioner

1 - FINDINGS AND RECOMMENDATION

failed to obtain authorization from the Ninth Circuit Court of Appeals before filing the petition as required under 28 U.S.C. § 2244(b)(3).

On November 12, 2002, petitioner filed a Petition for Writ of Habeas Corpus challenging the same Multnomah County convictions that he challenges in this proceeding. Exhibit 113, PACER Register for USDC Case No. 02-1532-KI. On December 8, 2004, the court denied the petition as untimely and dismissed the proceeding with prejudice. Respondent's Exhibits 113, 114, Judgment in USDC Case No. 02-1532-KI; #115, Opinion and Order in USDC Case No. 01-1532-KI. Petitioner then filed a request for a certificate of appealability from the Ninth Circuit Court of Appeals, but the court denied that request. Respondent's Exhibit 116, Ninth Circuit Court of Appeals Case Register for Case No. 05-35076.

28 U.S.C. § 2244(b)(3)(A) requires petitioners to obtain permission of the Court of Appeals before filing a second or successive petition in the District Court. If a petitioner does not obtain the required certificate of authorization to file a second or successive petition, the District Court has no jurisdiction to consider the petition. <u>Cooper v. Calderon</u>, 274 F.3d 1270 (9th Cir. 2001).

"Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on

2 - FINDINGS AND RECOMMENDATION

their merits in an earlier petition." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (*quoting* Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001).

Petitioner's claims in this proceeding were or could have been raised in his previous federal habeas corpus proceeding.

Petitioner has not obtained the required certificate of authorization to proceed with a second petition concerning the convictions at issue in this proceeding.

Petitioner's argument that his current petition is not successive because the prior petition was dismissed on timeliness grounds is not helpful. Dismissal of a prior petition on timeliness grounds "renders subsequent petitions second or successive for purposes of the AEDPA." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).

Petitioner's argument that his prior petition was "dismissed with leave to re-file when the evidence sought was obtained," is controverted by the record. The court's Opinion and Order in Case No. 3:02-cv-01532-KI indicate that the petition was untimely and dismissed with prejudice. Respondent's Exhibit 115. The Judgment dismissing that case also stated that the dismissal was with prejudice. Respondent's Exhibit 114.

Accordingly, petitioner's Petition (#2) should be denied.

3 - FINDINGS AND RECOMMENDATION

Ordinarily, dismissal on the ground that a petitioner has not obtained the certificate required under §2244(b)(3) would be without prejudice to re-file if and after the certificate had been obtained. However, in this case, the record reflects that petitioner's petition was not filed within the time provided by § 2244(d). Because the petition was not filed within the statute of limitations, the dismissal should be with prejudice.

Based on all of the foregoing, petitioner's Petition (#2) should be denied with prejudice. This proceeding should be dismissed.

Petitioner's Motion for Hearing (#38), Motion (#42) titled "Application for certificate of appealability," Third Motion for Evidentiary Hearing (#43) and Motion for Clarification (#44) should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the

4 - FINDINGS AND RECOMMENDATION

objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.* See, *28 U.S.C. § 2253(c)(2).*

DATED this 21 day of June, 2013.

_____
Thomas M. Coffin
United States Magistrate Judge